IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAKEDA DIXON, individually, and as
The Next Friend and Mother of J. D., a
Minor child, and K. D., a minor child
and as Special Administrator of the
Estate of Jerome Dixon, deceased,

                            Plaintiff,

vs.                                                    Case No. 13-1033-RDR

CITY OF WICHITA, KANSAS;
CITY OF WICHITA POLICE DEPARTMENT
OFFICERS MYKE BROWN, BADGE #C2207,
a/k/a John Doe Officer #1, and KEVIN MCKENNA,
#C2221, a/k/a John Doe Officer #2,

                            Defendants.

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE

**NOW** on this 28th day of February, 2014, this matter comes before the court on the

parties' application for judicial approval of a dismissal of plaintiffs' claim based upon the death

of Jerome Dixon and a proposed settlement among the plaintiffs, Lakeda Dixon, individually, as

the Next of Friend and mother of J.D., a minor child, and K.D., a minor child, and as Special

Administrator of the Estate of Jerome Dixon, deceased, and the City of Wichita of all remaining

claims. Plaintiffs appear through their attorney, James A.Thompson of Klenda Austerman

L.L.C. Defendants appears by their attorney, J. Steven Pigg of Fisher, Patterson, Sayler &

Smith, L.L.P.

**WHEREUPON**, the parties announce that after discovery, plaintiffs seek to dismiss with prejudice their claims based upon the death of Jerome Dixon and that the parties have reached a settlement of all other claims subject to the approval of the Court. The parties desire the court to approve the dismissal of Counts 1 and 3 of the Amended Complaint (ECF No. 44) asserting claims based on the death of Jerome Dixon, and to approve the settlement of Count 2 of the Amended Complaint and all remaining claims.

The parties waive trial by jury and evidence is presented regarding claims and circumstances of the proposed settlement.

The Court, after reviewing the evidence and having heard the testimony of the witnesses and statements of counsel, finds as follows:

1. The parties have waived trial by jury.

2. The Court has jurisdiction over the parties and the subject matter of this action.

3. Venue is proper in this Court.

4. Lakeda Dixon is the natural mother and next friend of J.D., a minor child, and K.D., a minor child. They are the only heirs of Jerome Dixon.

5. Plaintiffs assert claims based on the shooting and death of Jerome Dixon. After initial discovery, the parties agree that all claims against the defendants based upon the shooting should be dismissed with prejudice. Plaintiffs therefore request the Court to approve dismissal with prejudice of Count 1 and all claims against defendants Brown and McKenna and to dismiss with prejudice Count 3 and all claims against the City based on the death of Jerome Dixon.

6. After reviewing the circumstances of the shooting, and hearing the statements of counsel, the court finds that the parties have agreed that Plaintiff cannot meet the burden of proof

required to sustain her claims for the shooting death of Jerome Dixon to overcome the officers' defenses of qualified immunity, which includes claims that their actions were objectively reasonable, and that dismissal with prejudice of Counts 1 and 3 based on the shooting are appropriate.

7. The parties have advised the court that after dismissal of defendants Brown and McKenna and all claims related to the death of Jerome Dixon, the parties have reached an agreement to resolve all other claims which could be or have been asserted by plaintiffs whereby the City will pay to the plaintiffs and their attorneys the total sum of $45,000 and reimburse plaintiffs' attorneys for the transcript costs of the depositions taken and $705 in other expenses. Plaintiffs' counsel is entitled to 40 percent of the total sum of $45,000. The remainder shall be divided equally among Lakeda Dixon, J.D., and K.D.

8. The Court concurs that this resolution of the remaining claims is a fair, reasonable, and just compromise of the claims of the plaintiffs against the defendants. The settlement should be and is hereby judicially approved.

9. Because J.D. and K.D. are each receiving less than $10,000.00 from the settlement after payment of fees and expenses, a conservatorship is not required under K.S.A. 59-3053 *et seq.* This Court does require that plaintiff Lakeda Dixon ensure that the portion of the settlement to be received by J.D. and K.D. be used in their best interest.

IT IS THEREFORE ORDERED that Counts 1 and 3 of the amended complaint and all claims against Myke Brown and Kevin McKenna and plaintiffs' claims based upon the death of Jerome Dixon are hereby dismissed with prejudice.

IT IS FURTHER ORDERED that the settlement of the remaining claims of the plaintiffs is a fair, just and reasonable compromise of disputed claims and is hereby judicially approved.

Payment of the settlement amount by the City shall be made on or before March 7, 2014. Count 2 of the petition and all remaining claims of plaintiffs are dismissed with prejudice with each party to bear their or its own costs, expenses of litigation and attorney fees except as set forth above.

IT IS SO ORDERED on this 28th day of February, 2014.

s/ K. Gary Sebelius_____
The Honorable K. Gary Sebelius
United States Magistrate Judge

APPROVED AND SUBMITTED BY:

**FISHER, PATTERSON, SAYLER & SMITH, LLP**
3550 S.W. 5th Street, P. O. Box 949
Topeka, Kansas 66601-0949
(785) 232-7761/Office; (785) 232-6604/Fax
Email: spigg@fisherpatterson.com

/s/ *J. Steven Pigg*_____
J. Steven Pigg        #09213
**Attorneys for Defendant**

APPROVED BY:

**Klenda Austerman LLC**
301 N. Main, Ste. 1600
Wichita, KS 67202-4816
(316) 2670331
E-mail: jthompson@klendalaw.com
        agood@kllendalaw.com

/s/ *James A. Thompson*_____
James A. Thompson   #21263
Aaron J. Good        #25067
**Attorneys for Plaintiffs**